Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9969 | **DATE** | 6/13/2002 |
| **CASE TITLE** | SINKULE vs. FISHER DEV INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 9/11/02 at 9:00 a.m. Enter Memorandum Opinion And Order. FDI's motions to dismiss counts III, IV and V are denied. Defendants answer to be filed by 7/11/02. By agreement both parties will exchange Rule 26 disclosures.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 1 4 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 12 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | 02 JUN 13 PH 5:50 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



JOANNE SINKULE, )
f/k/a Joanne Garagosian, and )
CLAUDIA ALLEN, f/k/a Claudia Chama, )
)
      Plaintiffs, ) No. 01 C 9969
v. )
) Judge John W. Darrah
FISHER DEVELOPMENT, INC. )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Joanne Sinkule (f/k/a Joanne Garagosian; hereinafter "Garagosian") and Claudia Allen (f/k/a Claudia Chama; hereinafter "Chama"), filed suit against Defendant, Fisher Development, Inc. ("FDI"). Count I alleges sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"). Count II alleges retaliation under Title VII. Count III alleges liability based on negligent supervision of Defendant's employees under Title VII. Count IV alleges that Defendant is vicariously liable for the Illinois common law torts of assault and battery by Defendant's employees. Count V alleges that Defendant is liable under Illinois common law for negligent supervision in failing to exercise reasonable care to prevent assault and battery. Currently before the Court is: (1) Defendant's motion to dismiss Counts III, IV, and V for lack of subject matter jurisdiction; and (2) Defendant's motion to dismiss Counts III and V pursuant to Federal Rule of Civil Procedure 12(b)(6).

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (*Marshall-Mosby*).

Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The plaintiff need not state all the facts necessary to establish the claim; and the "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

A reading of the Complaint supports the following allegations of events and conduct of the parties.

Garagosian began her employment as Office Manager for FDI in August 1997. In 1998, Chama was hired by FDI and was later promoted to Administrative Assistant. Both plaintiffs worked in FDI's Des Plaines, Illinois office. Over the course of the years following Plaintiffs' employment, one or more FDI employees, including members of FDI's management, engaged in behavior that created a hostile work environment for Plaintiffs.

On numerous occasions, detailed in the Complaint and the EEOC charge attached thereto, FDI's Project Managers ("PMs") downloaded, sent, and received verbally and graphically obscene, sexually suggestive, and pornographic e-mails. Defendant's PMs printed these documents on Defendant's printers during work hours and subsequently left the documents in the printers for all employees to see. Defendant's employees also placed sexually oriented materials on their computer monitors, when Plaintiffs had a view of the obscenities. Defendant's employees also repeatedly made sexually abusive verbal remarks and gestures to Plaintiffs. Such remarks included explicit descriptions of sexual activities that Defendant's employees wished to engage in with Plaintiffs.

Defendant's employees repeatedly engaged in unwanted physical touchings with both Plaintiffs. Such touchings included instances in which FDI employee Robert Okon ("Okon")

2

grabbed Garagosian's hand and attempted to kiss it, grabbing harder as she attempted to pull away from him; an instance in which Okon pulled on Garagosian's shirt sleeve and stared down the sleeve; instances in which FDI employee John Ruth stood uncomfortably close to both Garagosian and Chama while they worked so as to threaten physical contact, despite their verbal objections to his presence. Also, on more than one occasion, FDI employee Wes Ludwig intentionally rubbed against Garagosian, attempting to look down her shirt, and pressed his body against hers in spite of her objections.

Defendant's employees concocted sexually explicit photographs of Garagosian and a personal acquaintance and gave objects of a sexual nature to Garagosian during a company Christmas party.

Despite Plaintiffs' repeated attempts to remedy the situation, Defendant's employees did not alter their behavior. Plaintiff Garagosian repeatedly reported the specific instances of offensive conduct to FDI vice-president in the Des Plaines office, Rick Myers, and other management personnel, who failed to investigate the claims, failed to take corrective actions, and instructed Garagosian not to document the complaint in writing.

On October 10, 2000, both Plaintiffs individually filed charges with the EEOC. After conducting its investigation, the EEOC issued Notice of Right to Sue letters on the charges alleged in the EEOC complaints.

**Defendant's Motion to Dismiss Counts III, IV, and V for Lack of Subject Matter Jurisdiction**

Defendant argues that this Court lacks subject matter jurisdiction to hear Counts III, IV, and V because these counts are Illinois common law torts which are preempted by the Illinois Human Rights Act ("IHRA").

3

The IHRA declares that it is a "civil rights violation" for "any employer, employee, [or] agent of any employer ... to engage in sexual harassment." 775 ILCS §5/2-102(D). Under the Act, sexual harassment includes "any conduct of a sexual nature when ... such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile, or offensive work environment." 775 ILCS §5/2-101(E). The IHRA also contains an exclusive remedy provision, stating: "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation." 775 ILCS §5/8-111(C). As a result of this provision, Defendant argues that Illinois state courts and federal courts lack subject matter jurisdiction over Plaintiff's Illinois common law torts claims that are based on the same conduct that constitutes Plaintiff's sexual harassment claims. Instead, these tort claims must be brought before the Illinois Human Rights Commission ("IHRC").

Pursuant to Illinois law, courts lack subject matter jurisdiction to hear tort claims that are inextricably linked to civil rights violations under the IHRA. *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill.2d 507, 515-516 (Ill. 1994) (*Geise*). Employment discrimination, including sexual harassment and retaliation, are included under the IHRA's definition of "civil rights violation". 775 ILCS 5/101; 775 ILCS 5/1-103(D). In *Geise*, the Illinois Supreme Court found that the circuit court did not have jurisdiction over plaintiff's claims of negligent hiring and retention of a manager who sexually harassed the plaintiff because there was "no independent basis [outside the IHRA's prohibition of sexual harassment] for imposing liability on [Plaintiff's] former employer ." *Geise*, 159 Ill.2d at 517. That the plaintiff's claims were framed in terms of "negligent hiring" and "negligent retention" did not "alter the fundamental nature of [plaintiff's] cause of action."*Geise*, 159 Ill.2d at 518.

4

Three years later, in *Maksimovic v. Tsogalis*, 177 Ill.2d 511, 519 (1997) (*Tsogalis*), the Illinois Supreme Court clarified its ruling in *Geise*. The plaintiff in *Tsogalis* filed a complaint with the IHRC, alleging that she was a victim of sexual assault. Several months later, the plaintiff filed an action for damages, alleging assault, battery, and false imprisonment. The trial court ruled that the plaintiff's claims were barred by the IHRA under *Geise*; the appellate court affirmed. The Illinois Supreme Court, however, reversed the decision, holding:

> that a common law tort claim is not inextricably linked with a civil rights violation where a plaintiff can establish the necessary elements of the tort independent of any legal duties created by the Illinois Human Rights Act. In such a case, the plaintiff has established a basis for imposing liability on the defendant independent of any statutory cause of action under the Act, and therefore the circuit court does have jurisdiction to adjudicate the plaintiff's common law tort claim.

*Tsogalis*, 177 Ill.2d at 518.

Thus, to ascertain whether a tort claim is "inextricably linked" to the discrimination claims, it must be determined whether the plaintiff alleged the elements of the tort claim "without reference to the legal duties created by the IHRA". *Westphal v. City of Chicago*, 8 F.Supp.2d. 809, 812 (N.D.Ill. 1998). The tort claim must be independent of the civil rights laws. *Rapier v. Ford Motor Co.*, 49 F.Supp.2d. 1078, 1080 (N.D.Ill. 1999).

A.  Motion to Dismiss Count III

Defendant argues that Count III should be dismissed because, under the *Tsogalis* standard, the alleged breached duty arises solely from the IHRA; and, thus, this court lacks subject matter jurisdiction to hear the claim.

Count III of Plaintiff's complaint is titled "COUNT III – TITLE VII – NEGLIGENT SUPERVISION." While Defendant asserts that Count III does not contain a single allegation that

5

FDI violated Title VII, it is clear from the title of the claim that Count III is an attempt to hold Defendant liable for negligent supervision under Title VII. Count III claims that Defendant acted negligently <u>under</u> Title <u>VII</u> sexual harassment provisions. Plaintiffs allege that Defendant failed to exercise reasonable care to train its employees, to enforce sexual harassment policies, to investigate sexual harassment complaints, to monitor and supervise alleged offenders, and to hire and retain certain employees. Count III does not allege any form of negligence in failing to prevent common law torts (compared to Count V, which alleges negligence in failing to prevent assault and battery). Because Count III is not alleging an Illinois common law tort, the *Tsogalis* standard does not apply. Accordingly, the Defendant's motion to dismiss Count III for lack of subject matter jurisdiction is denied.

B. Motion to Dismiss Count IV

In Count IV, Plaintiffs allege Illinois common law tort claims for assault and battery. In these claims, Plaintiffs replead every fact of their Title VII claims into the assault and battery claims. While the assault and battery claims are incorporated into and reference every fact of Plaintiffs' Title VII claims, they also contain allegations of purposeful harm and offensive touching, including grabbing Garagosian's arm and attempting to kiss it and standing uncomfortably close to Plaintiffs in spite of their objections.

Defendant argues that this Court lacks subject matter jurisdiction to hear this claim because the only way Plaintiffs' claims are independent of the legal duties created by the IHRA is under the doctrine of *respondeat superior*, which, Defendant argues, is not applicable in this case.

Under the doctrine of *respondeat superior*, for an employer to be held vicariously liable for an employee's intentional tort, the tort must have been committed within the scope of the alleged

6

tortfeasor's employment. *Thomas v. L'Eggs Products, Inc.*, 13 F.Supp.2d 806, 810 (1998) (*Thomas*). Additionally, "the burden is on the plaintiff to show the contemporaneous relationship between [the] tortious act and scope of employment." *Pyne v. Witmer*, 129 Ill.2d 351, 360 (1989) (*Pyne*). This Court must ascertain whether or not the pleadings "allow an inference that the alleged tort committed by [Defendant's employees] was within the scope of [the employees'] employment. *Thomas*, 13 F.Supp.2d at 810.

The factors considered in determining whether an employee's act falls within the scope of his or her employment, such that the employer may be held liable for acts under *respondeat superior*, are: (1) if the acts are of a type the employee is employed to perform; (2) if the acts at issue occur substantially within the authorized time and place limits; and (3) if the acts are done, at least in part, by an intent to serve the employer. *See Pyne*, 129 Ill.2d at 360; *Hargan v. Southwestern Elec. Coop.*, 311 Ill.App.3d 1029, 1031 (2000). In weighing these factors, this Court must consider the following:

> Where an employee's deviation from the course of employment is slight and not unusual, a court may find as a matter of law that the employee was still executing the employer's business. Conversely, when a deviation is exceedingly marked and unusual, as a matter of law the employee may be found to be outside the scope of employment. But in cases falling between these extremes, where a deviation is uncertain in extent and degree, or where the surrounding facts and circumstances leave room for legitimate inferences as to whether, despite the deviation, the employee was still engaged in the employer's business, the question is for the jury.

*Pyne*, 129 Ill.2d at 361-362 (internal citations omitted).

Drawing all reasonable inferences in favor of the Plaintiffs, from the allegations in the Complaint, it is clear that Plaintiffs have pled vicarious liability for assault and battery committed by Defendant's employees acting in the course of their employment by the Defendant. Whether or not the Defendant's employees deviated from the normal scope of employment or acted within the

7

bounds of the employment sufficient to hold Defendant vicariously liable (outside the IHRA) is not a decision to be made at this stage of the proceedings. *Pyne*, 129 Ill.2d at 361-362. Therefore, Plaintiffs have established "the necessary elements of the tort independent of any legal duties created by the Illinois Human Rights Act." *Tsogalis*, 177 Ill.2d at 518. Accordingly, Defendant's Motion to Dismiss Count IV for lack of subject matter jurisdiction is denied.

C. Motion to Dismiss Count V

Count V alleges negligence in failing to exercise reasonable care to prevent assault and battery of Plaintiffs. Count V alleges that Defendant is actually liable for its own negligence, not vicariously liable for the actions of Defendant's employees. Defendant is subject to a common law duty, outside the IHRA, for which it can be held liable to Plaintiffs for negligent supervision. *Hills v. Bridgeview Little League Association*, 195 Ill.2d 210, 228-231 (2000). Though the allegations of negligent supervision in Count V pertain to assault and battery of a sexual nature, if all allegations of sexual discrimination in the Complaint are disregarded, Plaintiffs can still "establish the necessary elements of the tort independent of any legal duties created by the Illinois Human Rights Act." *Tsogalis*, 177 Ill.2d at 518. The negligent supervision claims remain fully intact because they do not "depend on the prohibitions against sex discrimination for [their] survival. *See Hardison v. Galaxy Recovery Sys., Inc.*, 2000 WL 1847624 (N.D.Ill. Dec 14, 2000). Accordingly, Defendant's Motion to Dismiss Count V for lack of subject matter jurisdiction is denied.

**Defendant's Motion to Dismiss Count III and V for Failure to State a Claim**

In the alternative, FDI moves to dismiss the negligent hiring aspects of Counts III and V for a failure to state a claim. FDI essentially argues that these claims should be dismissed because the

facts alleged in the Complaint do not support the allegation that FDI was aware of any employee's unfitness at the time of hiring.

On a Rule 12(b)(6) motion to dismiss, allegations in the complaint must be construed liberally, in the light most favorable to the plaintiff. *Marshall-Mosby*, 205 F.3d at 326. Plaintiffs have put FDI on notice of their claims for negligent hiring by alleging that FDI employees, managers, and supervisors subjected Plaintiffs to conduct including sexual harassment, unwanted touching, assault, and battery, and that FDI knew or should have known of the conduct. It is not necessary, at this stage of the proceedings, to determine whether or not FDI knew, or had reason to know, that its employees were unfit. Plaintiffs are not required to allege all of the facts underlying their claims in the Complaint. Instead, a plaintiff need only plead the bare minimum facts necessary to put a defendant on notice of the claim so that the defendant can file an answer. *See Swierkiewicz v. Sorema*, 122 S.Ct. 992, 996 (2002); *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). A determination of whether the evidence ultimately will support the claims is premature. Therefore, FDI's Motion to Dismiss Counts III and V for failure to state a claim is denied.

For the above reasons, FDI's Motions to Dismiss Counts III, IV and V are denied.

Dated: June 13, 2002

JOHN W. DARRAH
United States District Judge

9